SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| MATT W. RUSS, | ) | Arizona Supreme Court |
| | ) | No. |
| Plaintiff/Appellant, | ) | |
| | ) | Court of Appeals |
| v. | ) | Division |
| | ) | No. |
| JIM IRVIN, individually BETSEY | ) | |
| BAYLESS, in her capacity as | ) | [        ]County |
| Secretary of State of the State | ) | Superior Court |
| of Arizona and APACHE COUNTY | ) | No. |
| BOARD OF SUPERVISORS, COCHISE | ) | |
| COUNTY BOARD OF SUPERVISORS, | ) | |
| COCONINO COUNTY BOARD OF | ) | |
| SUPERVISORS, GILA COUNTY | ) | **O P I N I O N** |
| BOARD OF SUPERVISORS, GRAHAM | ) | |
| COUNTY BOARD OF SUPERVISORS, | ) | |
| GREENLEE COUNTY BOARD OF | ) | |
| SUPERVISORS, LA PAZ COUNTY | | |
| BOARD OF SUPERVISORS, MARICOPA | | |
| COUNTY BOARD OF SUPERVISORS, | | |
| MOHAVE COUNTY BOARD OF | | |
| SUPERVISORS, NAVAJO COUNTY | | |
| BOARD OF SUPERVISORS, PIMA | | |
| COUNTY BOARD OF SUPERVISORS, | | |
| PINAL COUNTY BOARD OF | | |
| SUPERVISORS, SANTA CRUZ COUNTY | | |
| BOARD OF SUPERVISORS, YAVAPAI | | |
| COUNTY BOARD OF SUPERVISORS, | | |
| YUMA COUNTY BOARD OF SUPERVISORS | | |
| AND APACHE COUNTY | | |
| RECORDER, COCHISE COUNTY | | |
| RECORDER, COCONINO COUNTY | | |
| RECORDER, GILA COUNTY RECORDER, | | |
| GRAHAM COUNTY RECORDER, GREENLEE | | |
| COUNTY RECORDER, LA PAZ COUNTY | | |
| RECORDER, MARICOPA COUNTY | | |
| RECORDER, MOHAVE COUNTY | | |
| RECORDER, NAVAJO COUNTY | | |
| RECORDER, PIMA COUNTY RECORDER, | | |
| PINAL COUNTY RECORDER, SANTA | | |
| CRUZ COUNTY RECORDER, YAVAPAI | | |
| COUNTY RECORDER, YUMA COUNTY | | |
| RECORDER, | | |

Defendants/Appellees.

Appeal from the Superior Court of Maricopa County
The Honorable Edward O. Burke, Judge

**AFFIRMED**

DALLIMORE & BONNELL, LLP                                Phoenix
     By    Suzanne M. Dallimore
     and   Nancy M. Bonnell
Attorneys for Plaintiff

RICHARD M. ROMLEY, MARICOPA COUNTY ATTORNEY             Phoenix
     By    Stephen E. Silverman, Deputy County Attorney
     and   Jill M. Kennedy, Deputy County Attorney
Attorneys for Defendant Maricopa County, and for Defendant
Officers of Apache, Cochise, Coconino, Gila, Graham, Greenlee,
LaPaz, Mohave, Navajo, Pima, Pinal, Santa Cruz, Yavapai, and Yuma
Counties

**R Y A N**, Justice

¶1       In November 2000, the Legislature referred to Arizona voters Proposition 103, which proposed to amend Article XV, Section 1 of the Arizona Constitution.  The proposed amendment sought to increase the number of Arizona Corporation Commissioners from three to five, increase the limit on terms a Commissioner may hold from one to two consecutive terms, and reduce the length of each term from six to four years.[1]  A majority of voters passed the

---

[1]      The full text of the provision is as follows:

Section 1.  **A.**  No member of the corporation commission shall hold that office for more than two consecutive terms.  No corporation commissioner may serve again in that office until out of office for one full term.  Any person who serves one half or more of a term shall be considered to have served one term

-2-

proposition.

¶2        James Irvin was elected to a six-year term as Commissioner in November 1996.  Irvin's term will expire on December 31, 2002, and he currently seeks office for a second term. Under the amended constitutional provision, that term will be for four years.  Therefore, if elected, Irvin would serve a total of ten years as Commissioner.

¶3        In June 2002, Matt W. Russ, a registered voter of Maricopa County who voted in favor of Proposition 103, challenged Irvin's candidacy, seeking injunctive relief and a writ of mandamus.  Russ asserted that Proposition 103 established a limit of eight consecutive years of service, thereby precluding Irvin

---

for purposes of this section.

**B**.  A corporation commission is hereby created to be composed of five persons who shall be elected at the general election, and whose term of office shall be four years, and who shall maintain their chief office at the state capital.  The two additional commission members shall be elected at the 2002 general election for initial two-year terms beginning on the first Monday in January, 2003. Thereafter, all terms shall be four-year terms.

**C**.  In case of vacancy in the office, the governor shall appoint a commissioner to fill the vacancy.  The appointed commissioner shall fill the vacancy until a commissioner shall be elected at a general election as provided by law, and shall qualify.  The qualifications of commissioners may be prescribed by law.

Ariz. Const. art. XV, § 1.

from seeking a second term as Commissioner. The trial court granted Irvin's motion to dismiss the complaint for failure to state a claim and denied Russ's motion for summary judgment. Russ appealed to this court, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 16-351(A) (Supp. 2001). In a previous order we affirmed the trial court, stating a written decision would follow. This is that decision.

¶4 Russ contends that the plain language and intent of the Constitution limits an Arizona Corporation Commissioner to no more than eight years in office. He asserts that in examining the provision as a whole, the reduction of the length of the term to four years and the limit on the number of consecutive terms to two reflects an intent to make the total length of service eight years.

¶5 "If the language [of a Constitutional provision] is clear and unambiguous . . . judicial construction is neither necessary nor proper." *Jett v. City of Tucson*, 180 Ariz. 115, 119, 882 P.2d 426, 430 (1994) (citation omitted). The provision's language clearly shows that the Legislature intended only to limit the number of terms. The Legislature could have expressly limited the number of consecutive years a Commissioner could hold office but chose not to. Instead, the amendment unambiguously states that no Commissioner "shall hold that office for more than two consecutive terms." Ariz. Const. art. XV, § 1(A).

¶6 Additionally, the provision contemplates service of

-4-

varying lengths.  The two additional Commissioners will only be able to serve six years - an initial two-year term and a second four-year term.  *See* Ariz. Const. art. XV, § 1(B).  The amendment also provides that Commissioners who serve less than half a term will not be considered to have served any term.  *See* Ariz. Const. art. XV, § 1(A).  Thus, as Irvin correctly points out, some Commissioners could serve more than eight years - one year and 364 days, not counting as a term, and then two consecutive four-year terms.  These different lengths of service further demonstrate that the Legislature intended only to limit the number of terms, not years.

¶7        Moreover, this issue has been addressed by an opinion of the attorney general.  The opinion concluded that the provision merely imposes on the Commissioners a two term limit, not a limit on the number of consecutive years.  Op. Ariz. Att'y Gen. I01-001.  It states in part the following:

> This language imposes a two consecutive term limit on all Commissioners.  It does not expressly limit the number of consecutive years a person may serve, nor does it establish different requirements for a Commissioner who previously served a six-year term.  It establishes a limit based on the number of terms served, not the number of years.

> * * *

> The transition to Proposition 103 may result, for a limited time, in Commissioners reaching their two-term limit after serving anywhere from six to ten consecutive years. . . . These

-5-

> differences naturally result from a limit based on the number of terms served, when the terms are for different lengths of time.

*Id.*

¶8     Such opinions are advisory and not binding. *Ruiz v. Hull*, 191 Ariz. 441, 449, ¶ 28, 957 P.2d 984, 992 (1998). "However, the reasoned opinion of a state attorney general should be accorded respectful consideration." *Id.* We agree with the reasoning in the opinion. The amendment to Article XV, Section 1 established a limit only on the number of terms, and its language allows for differences in the lengths of terms served.

¶9     Accordingly, we affirm the trial court's dismissal of the complaint.

_____
Michael D. Ryan, Justice

CONCURRING:

_____
Charles E. Jones, Chief Justice

_____
Ruth V. McGregor, Vice Chief Justice

_____
Stanley G. Feldman, Justice

_____
Rebecca White Berch, Justice